**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELHADJ ALPHA MAHMOUD SOUARE, | ) | CASE NO. 5:25-cv-2673 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| U.S. CITIZENSHIP AND IMMIGRATION | ) | |
| SERVICES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On December 10, 2025, *pro se* plaintiff Elhadj Alpha Mahmoud Souare filed a complaint under 8 U.S.C. § 1421(c) seeking judicial review of the denial of his naturalization application by the United States Citizenship and Immigration Services ("USCIS"). (Doc. No. 1.) He also filed an application to proceed *in forma pauperis* ("IFP"). (Doc. No. 2.)

Plaintiff's application is implausible on its face. He indicates that he receives $540.00 in Supplemental Nutrition Assistance Program ("SNAP") benefits, he owns a 2016 Dodge Caravan, and he has $4.80 in a checking account in Huntington National Bank. (*Id*. at 2–3.) He lists "0" or "N/A" for any other income or assets. He lists "0" for all expenses except food and laundry, stating to the Court under penalty of perjury that he spends no money for housing expenses, utilities, clothing, medical expenses, transportation, or insurance, and receives no assistance from family, friends or social services to cover these expenses. (*See generally id*.) Plaintiff lists a motor vehicle, yet he fails to indicate the vehicle's value, any expenses associated with the vehicle, or how he pays for such expenses. Plaintiff also lists a phone number on his application, which suggests he

has utility expenses, yet he fails to disclose this expense to the Court or disclose a means of support or a source of income to address this expense. (*See id*. at 5.) Further, although plaintiff states that he has a five-year old daughter who relies on him for support, he fails to indicate how he supports the child. (*See id*. at 3.)

Additionally, plaintiff has paid the $405.00 filing fee in at least *nine* other civil actions filed in this district within the last year, totaling over $3,600.00 in filing fees alone. *See Souare v. Akron Children's Hosp., et al.*, No. 5:25-cv-1434-SL (N.D. Ohio filed July 9, 2025); *Souare v. Summit Cnty., Ohio*, No. 5:25-cv-1209-JRA (N.D. Ohio filed June 9, 2025); *Souare v. Hill, et al.*, No. 5:25-cv-1152-SL (N.D. Ohio filed June 3, 2025); *Souare v. Dep't of Dev. Disabilities*, No. 5:25-cv-694-JRA (N.D. Ohio filed Apr. 8, 2025); *Souare v. Akron Metro. Hous. Auth.*, No. 5:25-cv-695-JRA (N.D. Ohio filed Apr. 8, 2025); *Souare v. Goodman Servs., LLC*, No. 5:25-cv-696-JRA (N.D. Ohio filed Apr. 8, 2025); *Souare v. Hill, et al.*, No. 5:25-cv-698-JRA (N.D. Ohio filed Apr. 8, 2025); *Souare v. Ohio BMV*, No. 5:25-cv-564-BMB (N.D. Ohio filed Mar. 24, 2025); *Souare v. State of Ohio Child Support*, No. 5:25-cv-476-JRA (N.D. Ohio filed Mar. 11, 2025). He gives no indication as to how he paid all of those fees.

Pursuant to 28 U.S.C. § 1915, a court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute destitution. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the plaintiff is required to demonstrate via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335

U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948); *see Givens v. Shadyside Police Dep't*, No. 2:22-cv-4268, 2023 WL 3089066, at \*5 (S.D. Ohio Apr. 26, 2023) (a litigant has an obligation of truthfulness in his or her filings, as well as a burden to demonstrate that he or she should be granted *in forma pauperis* status (citations omitted)), *report & recommendation adopted*, 2023 WL 3868394 (S.D. Ohio June 7, 2023).

Proceeding *in forma pauperis* is a privilege, not a right. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). The decision to grant or deny an IFP application lies within a court's sound discretion. *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Here, plaintiff has not demonstrated an inability to pay the filing fee. He did not attempt to complete the form properly or provide the Court with accurate information concerning all of his assets, income, debts, and expenses. Moreover, this is not the first time plaintiff's IFP application has been denied because he declined to properly complete the form with truthful and accurate information. *See, e.g., Souare v. Akron Metro. Hous. Auth.*, No. 5:25-cv-695-JRA, Doc. No. 3 (N.D. Ohio filed Apr. 8, 2025); *Souare v. Dep't of Dev. Disabilities*, No. 5:25-cv-694-JRA, Doc. No. 3 (N.D. Ohio filed Apr. 8, 2025); *Souare v. Hill, et al.*, No. 5:25-cv-698-JRA, Doc. No. 3 (N.D. Ohio filed Apr. 8, 2025). Plaintiff is aware of the requirement to fully answer the questions on the form and repeatedly fails to do so. Without complete and accurate information, the Court has no basis upon which it can determine that plaintiff qualifies for indigent status. *See Liggins v. Am. Elec. Power Co.*, No. C2-04-502, 2008 WL 2491749, at \*2 (S.D. Ohio June 17, 2008) (denying motion to proceed IFP on appeal where plaintiff failed to support her motion with sufficient detail to provide the court with adequate information to determine if she lacks the

3

financial resources to pay the filing fee (citing *Flippin*, 107 F. App'x at 521)); *see also Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002) (finding the district court acted within its discretion in denying plaintiff's IFP application where plaintiff did not identify his securities with particularity or offer a credible estimate of their value (citation omitted)).

Additionally, as noted above, plaintiff has paid the full filing fee of $405.00 in nine previously filed civil actions in this district, suggesting he does, in fact, have the means to pay the filing fees and this is a situation where he must "weigh the financial constraints posed by pursuing [his] complaint[s] against the merits of [his] claims." *Behmlander v. Comm'r of Soc. Sec.*, No. 12-cv-14424, 2012 WL 5457466, at * 2 (E.D. Mich. Oct. 16, 2012).

Accordingly, the Court DENIES plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES plaintiff's complaint. (Doc. No. 1.) Plaintiff may move to reopen this case within thirty (30) days of the date of this Order by paying the full filing fee of $405.00 and filing a motion to reopen contemporaneous with the payment of the full filing fee. The Court will not accept any document for filing in this case, including a motion to reopen or a motion for reconsideration, unless the filing fee is first paid in its entirety to the Court's satisfaction. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 14, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4